# Third District Court of Appeal

## State of Florida

Opinion filed March 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-541
Lower Tribunal No. 18-6008
_____

**Universal Property & Casualty Insurance Company,**
Appellant,

vs.

**Carmen Celestrin, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Russo Appellate Firm, P.A., Elizabeth K. Russo and Paulo R. Lima, for appellant.

Alvarez, Feltman, Da Silva & Costa, PL, and Paul B. Feltman, for appellees.

Before FERNANDEZ, HENDON, and GORDO, JJ.

FERNANDEZ, J.

Universal Property & Casualty Insurance Company ("Universal") appeals the trial court's order granting attorneys' fees in favor of homeowners, Carmen Celestrin and Ernesto Parra. Upon review of the record, we reverse and remand with instructions to reduce the number of billable hours and to recalculate the Lodestar amount accordingly. We affirm the court's order in all other respects and write only to address the basis for the reduction.

The underlying case is a first-party property insurance water loss claim brought by homeowners, Carmen Celestrin and Ernesto Parra, against Universal. Upon finding that homeowners' attorneys were entitled to fees, the trial court entered a sixteen (16) page order analyzing the factors set forth in Rowe[1], Quanstrom[2], and Joyce[3] to determine the Lodestar amount (number of hours reasonably incurred by plaintiff's attorney multiplied by a reasonable hourly rate). Upon reviewing these factors, the trial court found that the firm expended 222.8 hours representing plaintiffs for a cumulative Lodestar amount of $120,570.00. The total fee awarded to plaintiffs is

---

[1] Fla. Patient's Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985).
[2] Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828 (Fla. 1990).
[3] Joyce v. Federated Nat'l Ins. Co., 228 So. 3d 1122 (Fla. 2017).

$301,425.00. With costs and interests added, the total final judgment for fees and costs is $337,611.98.

Competent substantial evidence provided by the testimony of experts on both sides supports a necessary reduction in fees for hours homeowners' trial counsel billed for preparing and fighting the attorneys' fee dispute (known as, "fees for fees"), after the trial court determined that plaintiffs were entitled to attorneys' fees. The trial court ignored the experts' recommendations without explanation.

Homeowners' expert, Mr. Mintz, testified that he estimates that the billable hours should be further reduced from 222.8 to 209.6. This is a reduction of 13.2 hours for hours billed to prepare for the attorneys' fee dispute, after the trial court determined plaintiffs were entitled to fees. After Mr. Mintz testified to this reduction, the trial court acknowledged the numbers but did not comment on whether he would implement this reduction. Experts for both parties agree that the record supports a reduction of at least 13.2 hours billed, as the general rule is that counsel cannot be compensated for work towards determining the amount of fees it seeks to recover.

In Universal Property & Casualty Insurance Company v. Deshpande, 45 Fla. L. Weekly D2511 (Fla. 3d DCA Nov. 12, 2020), this Court reversed the Lodestar amount for a number reasons that do not apply to our case.

3

However, this Court did find that the trial court failed to make specific findings as to disputed time entries. Id. at *2. In that case, the trial court applied a 10% blanket reduction to the hours expended without explanation. Id. Therefore, this Court determined that the reduction was "arbitrary and unsupported." Id. Likewise, when experts for both sides agree to a reduction, and the trial court ignores the recommendation without explanation, the lack of reduction without explanation is equally arbitrary and unsupported.

For the reasons stated, we affirm in part, reverse in part, and remand with instructions to reduce the billable hours by 13.2 hours and to recalculate the Lodestar amount accordingly.

Affirmed in part, reversed in part, and remanded with instructions.